UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sharon King,<br><br>　　　Plaintiff,<br><br>v.<br><br>CM Association Group<br>c/o Compliance Department<br>108 Business Center Drive, Ste A<br>Corona, CA 92880<br><br>　　　　　　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is a corporation with its principal place of business in the State of California.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around August 19, 2011, Defendant telephoned the residence of Plaintiff's Sister-In-Law and spoke with Plaintiff's niece ("Niece").

10- During this communication, Defendant disclosed to existence, amount, and/or nature of the Debt to Niece.

11- During this communication, Defendant falsely represented to Niece that, if Plaintiff did not contact Defendant by September 1, 2011, there would be a warrant issued for Plaintiff's arrest.

12- On or around August 19, 2011, Plaintiff telephoned Defendant.

13- During this communication, Plaintiff told Defendant that she thought the Debt, and that she wanted to look into it before calling Defendant back.

14- On or around August 22, 2011, Plaintiff telephoned Defendant.

15- During this communication, Defendant threatened to have Plaintiff arrested in the Debt was not paid in full.

16- Defendant damaged Plaintiff.

17- Defendant violated the FDCPA.

## COUNT I

18- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692b(5) by disclosing the existence, nature, and/or amount of the Debt to a person other than Plaintiff.

## COUNT II

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the debt.

## COUNT III

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(5) by threatening to take action that it could not legally take.

## COUNT IV

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692e(5) by threatening to take action that it did not intend to take.

## COUNT V

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692e(10) by making false representations during the collection, or attempted collection, of a debt.

## COUNT VI

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

## JURY DEMAND

30- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By:*/s/ Richard J. Meier*
Richard J. Meier, Esq.
59 W. Jackson, Suite 709
Chicago, IL 60604
Tel: 312/242-1849
Fax: 312/242-1841
richard@meierllc.com
*Attorney for Plaintiff*