Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11-cv-7499 | DATE | 02/06/12 |
| CASE TITLE | King v. CM Association Group | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motions for Default Judgment [10] and Attorney Fees and Costs [12] are granted. See statement below for additional details.

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Sharon King brings this action against Defendant CM Association Group, alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by contacting Plaintiff regarding collection on a payday loan. The FDCPA provides federal jurisdiction over claims made under this statute. *See* 15 U.S.C. § 1692k(d). The Court also has subject-matter jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in the Northern District of Illinois.

Upon Plaintiff's request, the Clerk of the Court entered default against Defendant on December 8, 2011, [Dkt. No. 9], based upon Defendant's failure to answer or otherwise appear in this case. Currently, this matter is before the Court on Plaintiff's motions for an entry of default judgment [Dkt. No. 10] and for attorney's fees and costs [Dkt. No. 12]. Plaintiff seeks to recover $51,000 in total damages, but does not indicate which statutory provisions apply to this amount. Presumably, Plaintiff seeks $1,000.00 in statutory damages under 15 U.S.C. § 1692(k)(a)(2); $50,000 in actual damages under 15 U.S.C. § 1692(k)(a)(1); and $4,395.00 in attorneys' fees and costs ($3,990.00 in attorney fees and $405.00 in costs and litigation expenses) under 15 U.S.C. § 1692(k)(a)(3).

Obtaining a default judgment requires two steps. First, the party seeking the default judgment must file a motion for entry of default with the Clerk of the Court, showing that the opposing party has failed to answer or otherwise respond to the complaint. *See* Fed. R. Civ. P. 55(b). Then, once the default has been entered, the moving party may seek entry of a default judgment against the defaulting party. The clerk may enter judgment when the claim is for a sum that can be calculated with certainty and the defaulting party is not an infant or incompetent. *Id.* Otherwise, the moving party must apply to the district judge for entry of a default. *Id.*

Granting or denying default judgment is within a court's sound discretion. *See Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996). Entering a default judgment against a party establishes defendants are

liable to the plaintiffs for each claim alleged in the complaint as a matter of law. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (*Dundee*). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Id.* While the pleadings in a complaint are taken to be true upon the entering of a default judgment, allegations regarding damages are not automatically taken as true. "[E]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee*, 722 F.2d at 1323.

Plaintiff has submitted an affidavit, attesting to the exchanges she had with the Defendant. According the Plaintiff's affidavit: Plaintiff alleges a representative from the Defendant contacted Plaintiff's sister-in-law on August 19, 2011, and spoke to Plaintiff's niece. Defendant allegedly told Plaintiff's niece that if the Plaintiff did not contact the Defendant by September 11, 2011, an arrest warrant would issue against the Plaintiff. Plaintiff contacted Defendant and learned that the Defendant was referring to a payday loan Plaintiff had acquired two years earlier. Plaintiff then alleges she called the Defendant again and explained that she had paid the payday loan and could not find the related paperwork. Defendant allegedly told Plaintiff that unless the debt was paid in full, Plaintiff would be arrested. This information caused Plaintiff distress and anxiety.

When the plaintiff's affidavit is the only evidence presented demonstrating emotional damages, the plaintiff "must explain the circumstances of his injury in reasonable detail and cannot rely on conclusory statements, unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Bartuch v. DNI Recovery*, No. 10 C 4869, 2011 WL 689583, at *1 (N.D. Ill. 2011) (*Bartuch*) (citing *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004)). According to Plaintiff's affidavit, she was scared and distressed because of a message relayed to her niece and one other additional communication in which Defendant indicated that if Plaintiff had not paid back an old debt, she would be arrested. Based on these communications with Defendant, Plaintiff seeks to recover $50,000.00 in emotional damages.

Plaintiff cites several cases in her motion to support her claim for actual, emotional damages. However, none of those cases were in this district, or even in the Seventh Circuit. Moreover, Plaintiff provides no specifics as to what facts support the amount of damages sought for Plaintiff's brief exchanges with Defendant. The plaintiff has the burden to prove damages; and in this case, Plaintiff has failed to provide the Court with any information regarding the standard for awarding emotional distress damages under the FDCPA to plaintiffs in this district. *See Bartuch*, 2011 WL 689583, at *2.

Upon review of the Plaintiff's Motion for Default Judgment, the Court awards Plaintiff $1,000.00 in statutory damages and no actual damages.

The plaintiff has also filed a motion for attorney's fees and costs. Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees. *Schlacher, et al. v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d. 852, 856 (7th Cir. 2009). "While there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar - the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Id.* This figure can then be adjusted to factors such as the complexity of the legal issues involved, and the public interest advanced by the

litigation. *Id.* Attorney Richard Meier is a solo practitioner and charges $300.00 per hour when handling FDCPA claims. Attorney Meier's total bill for this case amounts to $4,395.00, or 13.3 hours of billable work plus litigation costs.

According to the fees submitted by Attorney Meier, he charged $960.00 for the research, preparation, review, revisions, and finalization of the Motion for Default Judgment. However, the first three-and-a-half pages of the Motion for Entry of Default [10] filed by the Plaintiff in this case is identical to the Motion for Default Judgment Attorney Meier filed before this Court in *Taylor v. Law Offices of Vincent Peter Cignarale, LLC*, Case No. 11-cv-4853 (Dkt. Entry 13) (*Taylor*). In *Taylor*, this Court awarded no actual damages to the Plaintiff because the Plaintiff (represented by Attorney Meier) failed to provide a standard for awarding actual damages under FDCPA applicable in the Seventh Circuit. Despite this ruling, Attorney Meier submitted the exact same arguments in the case presently before the Court, changing only the case-specific, factual details. Because 3.5 out of the 6 pages submitted for the Motion for Entry of Default in this case are identical to the first 3.5 pages of the *Taylor* Motion for Default Judgment, Attorney Meier's fees for the preparation of this motion are reduced by 58 percent. It is apparent Attorney Meier performed no additional legal research to correct his legal arguments, which had already failed to garner an award of actual damages for his previous client. Attorney Meier may be awarded only $403.20 (out of the $960.00 he charged) for his work on the preparation of this motion. It should also be noted that Attorney Meier charged $630.00 for his work on the Motion for Fees and Costs, apparently spending 2.1 hours on this motion, which was virtually identical to the Motion for Fees and Costs submitted by Attorney Meier in the *Taylor* case. Thus, Plaintiff is awarded attorney's fees totaling $3,433.20, and $405.00 in costs.

The clerk is directed to enter a Rule 58 judgment and terminate this case from the Court's docket.